IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| FERNANDO PEÑA | : | NO. 03-487-09 |

**MEMORANDUM**

**Padova, J.**                                                                                                **May 11, 2009**

  Defendant Fernando Peña has filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," seeking to reduce his sentence on account of the crack cocaine amendments. For the following reasons, we deny the Motion.

  On February 14, 2004, a jury convicted Peña of one count of conspiracy to distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846. We sentenced Peña on March 14, 2005. Under the then-applicable United States Sentencing Guidelines, the quantity of cocaine base involved in the offense, i.e., between 1.5 kg and 4.5 kg, resulted in a base offense level of 38. Peña's base offense level was adjusted upward by two levels for his role as a manager, and by an additional two levels for possession of a firearm in the commission of the offense. U.S.S.G. §§ 3B1.1(c), 2D1.1(b)(1). As a result, Peña's total offense level was 42. With a criminal history category of VI, Peña's Guideline range was therefore 360 months to life. U.S.S.G. Ch. 5, Pt. A. Upon consideration of the § 3553 factors, we varied downward from the Guideline range and imposed a sentence of 260 months' imprisonment.

  Peña now asks us to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*),

> upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines reduced the base offense level for most cocaine base offenses, and the Sentencing Commission has determined that this Amendment may be applied retroactively. See U.S.S.G., Supplement to Appx. C, Am. 713 (Nov. 1, 2008 ed.).

In Peña's case, application of Amendment 706 reduces his base offense level to a 36. Peña's prior base offense level of 38, in conjunction with his Criminal History Category of VI, corresponded to a Guidelines range of 360 months to life. His reduced base offense level of 36, in conjunction with his same Criminal History Category, corresponds to a Guidelines range of 324-405 months. However, with the offense level enhancements for his role as a manager and for possession of a firearm, Peña's total offense level upon application of Amendment 706 is 40, which, just like his prior total offense level of 42, produces a Guidelines range of 360 months to life.

Peña argues that 18 U.S.C. § 3582(c)(2) empowers us to grant him a sentence reduction, because his sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," insofar as the Guidelines range associated with his base offense level was lowered by the crack cocaine amendments. The Government counters that his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," because the Guideline range associated with the reduced total offense level is not lower. Under recent precedent from the United States Court of Appeals for the Third Circuit, the Government is

correct.

The Third Circuit has stated that the statutory language in § 3582(c)(2) is "clear and unambiguous: '[t]he term sentencing range clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'" United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009) (quoting United States v. Carabello, 552 F.3d 6, 10 (1st Cir. 2008)). "[P]ursuant to the statute, 'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute.'" Id. (citing Carabello, 552 F.3d at 10). In the instant case, the "end result of the overall guideline calculation" and the "sentencing range actually used at sentencing" was 360 months to life. As application of Amendment 706 does not lower that sentencing range, Peña may not seek a reduction in sentence under § 3582(c)(2). See id.

In sum, we may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). Here, the only possible legal basis on which we could modify Peña's term of imprisonment is § 3582(c)(2) in conjunction with Amendment 706. For the reasons set forth above, those authorities do not give us the power to modify Peña's sentence under the circumstances presented. Accordingly, Peña's Motion to Reduce Sentence is denied.

                                                    BY THE COURT:

                                                    /s/ John R. Padova, J.
                                                    _____
                                                    John R. Padova, J.