IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| FERNANDO PEÑA | : | NO. 03-487-09 |

**MEMORANDUM**

**Padova, J.**                                                                                    **December 17, 2015**

Defendant Fernando Peña has filed a pro se "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," seeking to reduce his sentence on account of the most recent crack cocaine amendments to the United States Sentencing Guidelines. For the following reasons, we deny Peña's Motion.

On February 14, 2004, a jury convicted Peña of one count of conspiracy to distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846. We sentenced Peña on March 14, 2005. Under the then-applicable United States Sentencing Guidelines, the quantity of cocaine base involved in the offense, i.e., more than 1.5 kg, resulted in a base offense level of 38. U.S.S.G. § 2D1.1(c)(1) (2003). Peña's base offense level was adjusted upward by two levels for his role as a manager, and by an additional two levels for possession of a firearm in the commission of the offense. U.S.S.G. §§ 3B1.1(c), 2D1.1(b)(1). As a result, Peña's total offense level was 42. With a criminal history category of VI, Peña's Guideline range was therefore 360 months to life. U.S.S.G. Ch. 5, Pt. A. Upon consideration of the § 3553 factors, we varied downward from the Guideline range and imposed a sentence of 260 months' imprisonment.

In 2008, Peña filed his first motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). That first sentence reduction motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses. We denied

that motion for reduction of sentence on May 11, 2009.  See United States v. Peña, Crim. A. No. 03-487-09, 2009 WL 1312700 (E.D. Pa. May 11, 2009).  As we explained, even though application of Amendment 706 lowered Peña's total offense level to 40, his sentencing range under the Guidelines' Sentencing Table remained 360 months to life.  Id. at *1.  Accordingly, we concluded that he had not been sentenced based on a sentencing range that had been lowered by Amendment 706 and he was not entitled to a reduction of sentence at that time.  Id. at *2.

In 2011, Peña filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), seeking the benefit of Part A of Amendment 750 to the Guidelines, which further reduced the base offense levels applicable to crack cocaine offenses.  We denied that second motion on January 23, 2012.  See United States v. Peña, Crim. A. No. 03-487-09, 2012 WL 176684 (E.D. Pa. Jan. 23, 2012).  As we explained, Amendment 750 lowered Peña's total offense level to 38, but his sentencing range still remained 360 months to life.  Id. at *2.  We therefore concluded that Peña remained ineligible for a reduction of sentence.  Id. at *2.

Peña has now filed a third motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), this time seeking the benefit of Amendment 782 to the Sentencing Guidelines, which once again lowered the base offense levels for crack cocaine offenses.  Application of Amendment 782, unlike application of the prior Amendments, lowers Peña's sentencing range.  Nevertheless, for the following reasons, Peña remains ineligible for a sentence reduction.

The law is clear that we may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35.  18 U.S.C. § 3582(c)(1)(B). A court may only modify a defendant's sentence pursuant to § 3582(c)(2) if, inter alia, the defendant "has been sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Moreover, "[a]ny reduction [based on an amendment to the Guidelines] must be consistent with applicable policy statements issued by the Sentencing Commission." Dillon v. United States, 560 U.S. 817, 821 (2010). Pursuant to U.S.S.G. § 1B1.10(b)(2), we may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" unless the initial sentence imposed was itself a below-guidelines sentence as the result of a "motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(A)-(B).

As noted above, when we originally sentenced Peña in 2005 to a term of imprisonment of 260 months, his applicable Guideline range was 360 months to life, and we sentenced him below that range upon consideration of the § 3553 factors. Under the Guidelines as amended by Amendment 782, Peña's base offense level is 32, based on his possession of 1.5 kilograms of cocaine base.[1] U.S.S.G. § 2D1.1(c)(4) (2015). After applying the offense level enhancements for his role as a manager and for possession of a firearm, Peña's total offense level becomes a 36. This new total offense level of 36, in conjunction with Peña's criminal history category of VI, produces a sentencing range of 324 to 405 months. See U.S.S.G. Ch. 5, Pt. A. Thus, application of Amendment 782 reduces Peña's applicable Guideline range. Nevertheless, pursuant § 1B1.10(b)(2), we may not reduce Peña's sentence below the bottom of the amended guideline range, which is 324 months, because his initial below-Guidelines sentence of 260 months in 2005 was the result of a

---

[1]At Peña's sentencing in 2005, we determined that the amount of cocaine base involved in his offense was more than 1.5 kilograms. We made no further determination as to the exact amount of cocaine base involved. Accordingly, for purposes of recalculating Peña's offense level under the amended Guidelines, we use 1.5 kilograms.

downward variance, not "a motion to reflect the defendant's substantial assistance to authorities." 18 U.S.C. § 3582(c)(2).

For the foregoing reasons, Peña is not eligible for a reduction of sentence under Amendment 782, and we deny Peña's Motion to Reduce Sentence. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.